IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 99-00022-02-CR-W-HFS |
| CLARENCE D. BURNETT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the question of whether defendant Clarence Burnett should be released on bond pending a final hearing with respect to allegations that he has violated conditions of supervised release. On March 19, 2012, defendant Burnett was arrested on a warrant issued by the Honorable Howard F. Sachs for violation of conditions of his supervised release. Defendant Burnett had his initial appearance before the Court that same day and was remanded to the custody of the United States Marshal. Subsequently, on March 22, 2012, defendant Burnett waived his right to a preliminary hearing with respect to the alleged violations and filed a motion for bond. (Doc. No. 144). On April 2, 2012, Judge Sachs took the motion for bond under advisement and issued an Order (Doc. No. 149) referring the matter to the undersigned to conduct a hearing and issue a Report and Recommendation. On April 4, 2012, a hearing was held before the undersigned on the defendant's motion for bond.

In the case of a person charged with the violation of conditions of supervised release, bond is appropriate only if the defendant can demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community.

F.R.Crim. P. 32.1 (a)(6) and 18 U.S.C. § 3143(a).  It is clear that defendant Burnett is not likely to flee and that he does not pose a danger in the classic sense of violence to others.  The issue is whether he poses a financial danger to the community based on the alleged violations.

Defendant Burnett is alleged to have violated the supervised release conditions that he submit truthful and complete written reports to the Probation Office and that he is prohibited from incurring new credit charges, opening additional lines of credit, or making obligations for any major purchases without the approval of the probation office.  It is alleged that defendant Burnett violated these conditions by failing to report his interest in the businesses known as B.I.G. Auto Detail and Dog House Dog, L.L.C., as well as any income from those businesses.  Additionally, it is alleged that since March 2009, defendant Burnett, through his business B.I.G. Properties, L.L.C., has received hundreds of thousands of dollars in loans which have not been disclosed to the Probation Office and that the defendant has attempted to conceal his role in the loans by listing his 22-year-old daughter as the borrower.

It is also alleged that defendant Burnett violated the condition of supervised release that he not commit another federal, state or local crime due to an on-going investigation by the Federal Bureau of Investigation and the United States Attorney's Office involving possible attempts by the defendant to fraudulently avoid a monetary judgment or unpaid tax liens that he has against him.  Additionally, it is alleged that defendant Burnett has received insurance payments from properties that have burned without reporting those payments to the Probation Office.  Since the hearing, the Probation Office has filed a Supplemental Violation Report indicating that defendant Burnett is actively under investigation for conducting illegal financial

transactions, additional failures to report financial holdings to the Probation Office and failure to file tax returns for the years 2008, 2009 and 2010.

At the hearing, defendant Burnett adequately addressed whether he posed a risk of fleeing and whether he posed a danger of physical harm to other persons. He did not provide clear and convincing evidence that he would not pose a financial danger to the community if released on bond. The undersigned finds that there are no single conditions or combination of conditions that can reasonably protect the community from the financial danger posed by defendant Burnett. Accordingly, the undersigned believes that defendant Burnett has failed to meet his burden under F.R.Crim.P. 32.1(a)(6) and 18 U.S.C. § 3143(a), and that his motion for bond (Doc. No. 144) should be denied. For these reasons, it is

RECOMMENDED that the District Court, after making an independent review of the record, enter an order denying the motion (Doc. No. 144) of defendant Clarence Burnett for bond. Counsel are reminded that they have fourteen (14) from the date of this Report and Recommendation to file objections to it.

                                                    /s/ JOHN T. MAUGHMER
                                                      John T. Maughmer
                                             United States Magistrate Judge